Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6061 | **DATE** | 2/25/2004 |
| **CASE TITLE** | MARTHE C. PURMAL vs. SUPREME COURT OF ILLINOIS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss the complaint is granted. The complaint is dismissed with prejudice. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 2 6 2004 date docketed | 10 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARTHE C. PURMAL, | ) | |
| | ) | |
| Plaintiff, | ) | FEB 2 0 2004 |
| | ) | |
| v. | ) | No. 03 C 6061 |
| | ) | Paul E. Plunkett, Senior Judge |
| SUPREME COURT OF ILLINOIS | ) | |
| and ALAN J. GREIMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marthe Purmal has brought this suit *pro se* against defendants, the Illinois Supreme Court and Alan Greiman, an Illinois appellate court judge, alleging constitutional violations. Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6). For the reasons set forth below, the motion is granted.

### Facts

Many of the allegations of Purmal's complaint refer to certain rules promulgated by the Illinois Supreme Court ("Illinois Supreme Court Rule") and their effect on appellate procedure. On a motion to dismiss, we are required to accept all well-pleaded factual allegations of the complaint as true and draw reasonable inferences in Purmal's favor. However, we are not required to credit

-1-

10

unreasonable inferences nor are we required to accept Purmal's interpretation of certain Illinois Supreme Court Rules. *See Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). In addition, we may consider matters that are of public record or taken from sources "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997) (discussing judicial notice). Having taken these considerations into account, the following recitation is drawn from the complaint.

Purmal is a Chicago resident. The Illinois Supreme Court is the highest tribunal in the State of Illinois. Judge Alan Greiman is an Illinois appellate court judge in the first district. In 2001, Purmal was sued by the law firm of Robert N. Wadington & Associates ("Wadington Law Firm") for attorneys' fees stemming from a contingency fee contract Purmal executed in favor of the Wadington Law Firm. The trial court found in favor of the Wadington Law Firm and Purmal appealed to the Appellate Court of Illinois, First Judicial District. The appeal was considered by Judges Greiman, Hartman and Karnezis. Without oral argument, the appellate court affirmed the trial court in a December 19, 2002 order ("Appellate Court Order"). Purmal filed a petition for rehearing, arguing that the order was contrary to the law and facts. The petition for rehearing was denied. Purmal then sought relief from the Illinois Supreme Court, which denied her petition for leave to appeal in June 2003.

Purmal then sued two of the Wadington Law Firm lawyers for malpractice in November 2003. The case was dismissed on the grounds of *res judicata*; the Appellate Court Order was used by the two lawyer defendants to support those grounds. Purmal is now before us, arguing that certain actions taken by Judge Greiman in deciding her appeal denied her due process as guaranteed by the U.S. and Illinois constitutions.

Illinois Supreme Court Rule 352(a) allows the appellate court to dispense with oral argument if, after the briefs have been filed, the court determines "no substantial question is presented." Ill. Sup. Ct. R. 352(a). Illinois Supreme Court Rules 23(b) & (c) provide that cases before the appellate court "which do not qualify for disposition by opinion" may be disposed of by written order or summary order. "Only opinions of the court will be published" and an unpublished order has no precedential value, except that it may be cited "to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case." Ill. Sup. Ct. R. 23(e). Purmal argues that the application, in the aggregate, of these rules to her case deprived her of her constitutional rights. The combination of these rules, asserts Purmal, along with the fact that the Illinois Supreme Court will not review unpublished orders, allowed Judge Greiman to make a secret, private ruling which was contrary to Illinois law.[1] She asks that we declare Illinois Supreme Court Rules 23(b), 23(c) and 352(a) unconstitutional and the Appellate Court Order entered pursuant to those rules unconstitutional and invalid. She has sued Judge Greiman because he signed the order which dispensed with oral argument in her case and because he authored the Appellate Court Order.

Defendants have filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the suit is barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine[2], and that Purmal has failed to state a claim against either defendant.

---

[1] Her objection to Illinois Supreme Court Rule 352(a) is that it prevented the other two justices on the appellate court panel from "[hearing her] side of the case." (Pl.'s Response Mot. to Dismiss at 5.) By signing the order dispensing with oral argument, asserts Purmal, Judge Greiman denied her the right to "present to Appellate Court Justices Hartman and Karnezis the Illinois Supreme Court decisions" that favored her position in the Wadington Law Firm action. (Compl. Count I ¶11.)

[2] The *Rooker-Feldman* doctrine derives from two Supreme Court cases and provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions. *Edwards v. Illinois Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001).

## Legal Standard

Rule 12(b)(1) provides for dismissal of a claim where a court lacks subject matter jurisdiction. In considering a Rule 12(b)(1) motion to dismiss, a court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, the same standard with respect to well-pleaded factual allegations applies. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Discussion

Defendants assert a number of arguments in support of their motion to dismiss the complaint: that the claim is barred by the Eleventh Amendment and does not fall into the Eleventh Amendment immunity exception identified by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908); that the claim is barred by the *Rooker-Feldman* doctrine[3]; and that Purmal has failed to state a claim for

---

[3] *Rooker-Feldman* would not prevent this Court from assuming jurisdiction over a claim facially attacking the constitutionality of a rule which is the result of a legislative proceeding. *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509 (6th Cir. 2000). However, if the relief requested involves correcting or revising a judgment, relief typical of the kind an appellant seeks, then *Rooker-Feldman* would bar that claim. *See Buckley v. Illinois Judicial Inquiry Bd.*, 997 F.2d 224, 227 (7th Cir. 1993). Here, although Purmal seeks a declaration that certain Illinois Supreme Court Rules are unconstitutional, she also wants us to declare the Appellate Court Order invalid. This latter request is essentially a "claim that a state judicial proceeding has violated [her] constitutional rights" and we could not entertain such a claim. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) ("*Rooker-Feldman*, therefore, requires a party . . . presenting a claim that a state judicial proceeding has violated [her] constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court.").

which relief can be granted. Although defendants' arguments raise a host of interesting issues, we dismiss Purmal's claims against the Illinois Supreme Court and Judge Greiman for lack of standing. *See Johnson v. Allsteel, Inc.*, 259 F.3d 885, 887 (7th Cir. 2001) (district court may address issue of standing *sua sponte*); *Sherman v. Community Consol. School Dist. 21 of Wheeling Township.*, 980 F.2d 437, 440 (7th Cir. 1992) ("judges must consider jurisdiction as the first order of business").

*1. Standing*

A party invoking federal jurisdiction must show: "(1) injury in fact; (2) a causal connection between the injury and the challenged conduct, i.e., traceability; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Purmal cannot satisfy these requirements because she cannot demonstrate an injury in fact. She seeks equitable relief and "the Supreme Court has made clear that in order to invoke Article III jurisdiction a plaintiff in search of equitable relief must show a significant likelihood and immediacy of sustaining some direct injury." *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000) (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210-11 (1995)).

Purmal cannot demonstrate a realistic threat that the allegedly unconstitutional Illinois Supreme Court Rules will be applied to her in the same matter in the future. *See Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000) (discussing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) where Supreme Court held that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief") (internal citation omitted). Purmal says that she will soon be filing an appeal in her lawyer malpractice case and so she may again be faced with the

application of these unconstitutional rules. Her threat of injury, however, is too speculative to confer standing. She has not yet filed her appeal. In addition, Illinois Supreme Court Rules 23(b), 23(c) and 352(a) are discretionary. *See* Ill. Sup. Ct. R. 23(b) ("cases . . . may be disposed of by . . . written order); R. 23(c) ("in any case in which the panel unanimously determines . . . the decision of the court may be made by summary order"); R. 352(a)("after the briefs have been filed, the court may dispose of any case without oral argument"). These rules may or may not be invoked by a panel of appellate court judges and may or may not be used individually or in concert in any appeal she may file.[4]

Moreover, she cannot show that her appeal, if filed, will be heard by Judge Greiman. *See* Ill. Sup. Ct. R. 22 (discussing appellate court organization and fact that judges sit in panels of three). Even if Judge Greiman did hear her appeal, he cannot act alone to bind the appellate court to any decision; "three judges must participate in the decision of every case, and the concurrence of two shall be necessary to a decision." *Id.* Purmal's argument that Judge Greiman's "fellow justices will undoubtedly be motivated to use [Illinois Supreme Court] Rules 352(a) and 23 to protect [Judge] Greiman's order . . . ." (Pl.'s Response Mot. to Dismiss at 10) does not demonstrate a real and immediate threat that she will be "wronged" in a the same manner as before. *See Sierakowski*, 223 F.3d at 444-45 (discussing cases which found that plaintiff could not establish real threat of future injury). Purmal has not satisfied the requirement for invoking federal jurisdiction. *See Doe v. County of Montgomery*, 41 F.3d 1156, 1159 (7th Cir. 1994) (party invoking federal jurisdiction bears burden of establishing standing).

---

[4] Purmal objects to the use of these rules in combination. (Pl.'s Response Mot. to Dismiss at 2, 3, 5, 7.)

Even if jurisdictional issues did not bar our further consideration of Purmal's case, we doubt she would fare better on the merits. Purmal's assertion that, pursuant to Article Six, Section 4 of the Illinois Constitution, the Illinois Supreme Court will not review unpublished orders issued in cases where no oral argument has taken place – a large piece of the alleged due process violation – is incorrect. Defendants have provided Illinois court documents showing that the Illinois Supreme Court has granted leave to appeal in cases where the First District Appellate Court denied oral argument and issued an unpublished order pursuant to Illinois Supreme Court Rules 23(b) and (c). (Def.'s Reply Mot. to Dismiss Exs. A-F.) *See also* 90 ILBJ 180, 182 (Apr. 2002) (article discussing Illinois Supreme Court Rule 23 and noting that "the Illinois Supreme Court has been willing to grant petitions for leave to appeal for both unpublished orders and published opinions").

"Due process of law has never been a term of fixed and invariable content," *Federal Communication Comm'n v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 275 (1949), and absent extraordinary circumstances, which is not the case here, we have no reason to believe that Purmal was denied adequate process of law by the Illinois state courts.[5]

---

[5] There is no constitutional right to an appeal "if a full and fair trial on the merits is provided." *Mann v. Pucinski*, 1999 WL 135305, at *2 (N.D. Ill. Mar. 3, 1999) (quoting *Lindsey v. Normet*, 405 U.S. 56, 77 (1972)). Purmal has raised no issue with the trial court proceedings apart from the fact that she does not like the result. Where appellate review is afforded, the state "must not discriminate among those to which it grants the right to an appellate review." *Id.* (for example, a state cannot require special security measures for appeals for some types of cases but not others). Purmal does not allege that the review process was applied to her any differently than to other civil litigants. Due process under the constitution does not demand that oral argument take place under all circumstances. *See Federal Communications Comm'n*, 377 U.S. at 276 ("the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised"). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999) (discussing, with approval, Illinois Supreme Court discretionary review system in context of procedural default of 28 U.S.C. § 2254 claims).

*2. Eleventh Amendment*

Even if we were to find that Purmal has satisfied the standing requirement, we would still dismiss her claims under the Eleventh Amendment. Purmal's suit against the Illinois Supreme Court must be dismissed. The Eleventh Amendment "bars federal suits against state courts and other branches of state government." *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994). A state's sovereign immunity is not absolute, however; in some cases, a suit may continue against a state or its officials. *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). A state may waive its sovereign immunity and consent to suit in federal court or "Congress may use its enforcement powers under the fourteenth amendment to abrogate a [state's] eleventh amendment immunity." *Id.* (quoting *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993)). Here, there is no indication that any of these exceptions applies. Thus, we have no jurisdiction over Purmal's suit against the Illinois Supreme Court. *See Landers Seed Co., Inc.*, 15 F.3d at 732 (suit against the Illinois Supreme Court seeking declaration that certain Illinois Supreme Court Rule unconstitutional dismissed for lack of subject matter jurisdiction under Eleventh Amendment analysis).

The Eleventh Amendment also provides a basis under which we could dismiss Purmal's case against Judge Greiman. Suits against state officials are normally barred under the Eleventh Amendment because a suit against a state official in his official capacity is really a suit against the state. *See Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (1988). However, under the *Ex Parte Young* exception, a state official may be sued in his official capacity for "relief properly characterized as prospective." *Ameritech Corp.*, 297 F.3d at 587 (quoting *Verizon Maryland, Inc.*

*v. Public Serv. Comm. of Maryland*, 535 U.S. 635, 645 (2002)). Purmal's suit against Judge Greiman does not fit into the *Ex Parte Young* exception.

First, Purmal's request that we declare unconstitutional and invalid the prior appellate court proceedings and the Appellate Court Order cannot be fairly characterized as prospective relief.[6] *Cf. Peterson v. United States*, 2003 WL 22053622, at *6 (N.D. Ill. Sept. 2, 2003) (allegation of past violation tends to implicate retroactive, not prospective, relief). As discussed above, Purmal cannot show "an ongoing or threatened violation of federal law." *Sierakowski v. Ryan*, 1999 WL 286290, at *2 (N.D. Ill. Apr. 27, 1999) (requirement under *Ex Parte Young* to sustain an action for injunctive relief against a state official), *aff'd* 223 F.3d 440 (7th Cir. 2000).

In addition, under the *Ex Parte Young* doctrine, when "making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, ... such officer must have some connection with the enforcement of the act...." *Sierakowski*, 1999 WL 286290, at *1 (quoting *Ex Parte Young*, 209 U.S. at 157-58). Otherwise, the officer-defendant is merely a representative of the state through whom a plaintiff is attempting to make the state a party. *Id.* Judge Greiman is not connected to the enforcement of the Illinois Supreme Court Rules vis-à-vis other members of the Illinois appellate court. Illinois Supreme Court Rules are promulgated by the Illinois Supreme Court, and it is the Illinois Supreme Court, the Judicial Inquiry Board and the Courts Commission that have administrative and supervisory authority over the courts and the ability to affect judges' behavior. *See* Ill. const. art. VI, §§ 15, 16; 735 ILCS 5/1-104 (West 1992). Judge Greiman's authority and power is limited by these very same administrative and supervisory bodies.

---

[6] In her complaint, Purmal also asked for an injunction ordering that the appeal in her original case be subject to a rehearing before appellate court judges other than those who considered her original appeal. She has, however, withdrawn that request. (Pl.'s Response Mot. to Dismiss at 7.)

-9-

Any injunction we were to issue against Judge Greiman would be binding on him alone. Fed. R. Civ. P. 65(d) (injunction binding on party to the action and those persons "in active concert or participation"). Purmal does not assert that the other appellate court judges have acted in concert with Judge Greiman in denying her certain constitutional rights. In fact, she asserts the opposite is true, that Judge Greiman used Illinois Supreme Court Rule 352(a) to prevent his colleagues on the panel from hearing her arguments. (Compl. Count II ¶ 12.)

Purmal has not satisfied the *Ex Parte Young* exception to Eleventh Amendment immunity; she does not seek prospective relief and has not brought her claim for injunctive relief against those connected to the injunction's enforcement. *Cf. Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (*Ex Parte Young* claims against certain prison officials dismissed because they had no power to enforce injunction where plaintiff transferred to another facility but claim against defendant who had authority over entire state department of corrections survived).

## Conclusion

For the reasons stated above, defendants' motion to dismiss the complaint is granted. The complaint is dismissed with prejudice. This is a final and appealable order.

ENTER:

_____
UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: 2-25-04